## TOMIKAWA *v.* GAMA.

APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT.

SUBMITTED OCTOBER 6, 1902.          DECIDED OCTOBER 31, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Chapter 64 of the Civil Laws of 1897, relating to Stamp Duties, is not inconsistent with the provisions of Section 8 of Article 1 of the Constitution of the United States and was continued in force by the Organic Act.

The item in the schedule of that chapter relating to stamps on deeds does not provide for unequal taxation and is not invalid.

A decree in equity required the respondent to give to the complainant a good and sufficient deed of certain land. Held, that the giving of an unstamped deed was not a full compliance with the decree.

OPINION OF THE COURT BY PERRY, J.

(Galbraith, J., dissenting.)

This is a suit in equity for the specific performance of a contract to sell and convey land. After the entry of a decree granting the relief prayed for, the respondent in obedience to such decree, executed, acknowledged and filed a deed as to the form of which no objection is made. The respondent, however, failed and refused to stamp the deed as provided by Chapter 64 of the

Civil Laws of 1897. The complainant thereupon moved for an order requiring the respondent to file "a good and sufficient deed which shall conform to the contract between the parties hereto and the final decree of this court made in this cause," claiming that an unstamped deed was not a sufficient compliance with the contract or decree. The court below denied the motion, holding, as we understand its written opinion on file, that our territorial legislature has no power to pass a law providing for the imposition or collection of stamp duties, that under Section 8 of Article 1 of the Constitution all duties must be "uniform throughout the United States", that if our statute is permitted to stand the stamp laws will not be uniform throughout the United States, that the enactment of such legislation is by the Constitution reserved exclusively to Congress and that therefore Chapter 64 of the Civil Laws is unconstitutional and void.

Chapter 64 was not specifically repealed by the Organic Act, although Chapter 65 immediately following it, relating to "Import Duties", was so repealed. The reason for the distinction is, of course, clear. Nor was Chapter 64 repealed by implication. Section 6 of the Organic Act provides that "the laws of Hawaii not inconsistent with the Constitution or laws of the United States or the provisions of this Act shall continue in force, subject to repeal or amendment by the legislature of Hawaii or the Congress of the United States". Congress in the exercise of its power to govern the Territories had the authority to make the provision just quoted, as also to provide, as in Section 55, "that the legislative power of the Territory shall extend to all rightful subjects of legislation not inconsistent with the Constitution and laws of the United States locally applicable". Taxation,—the imposition of stamp duties for the purpose of revenue is but a method of taxation—is, clearly, a rightful subject of legislation. It was the intention of Congress by the Organic Act to authorize our Legislature to pass tax laws. This is further shown by other portions of the Act. The exercise of this power by the Territory is not inconsistent with the clause of the Constitution relating to uniformity. That clause, we

have already held, "has no application to taxes imposed by Territorial legislatures". *Robertson v. Pratt*, 13 Haw. 590, 597.

That the Act under consideration is constitutional is the conclusion reached by United States District Judge Estee in the case of *Achi v. Kapiolani Estate, Limited*, decided April 24, 1901. See original records in that case.

It is also contended by counsel for the respondent,—this point apparently was not presented or passed upon in the court below—that Chapter 64 in the item as to stamps on deeds provides for unequal taxation and is therefore invalid. The tax prescribed is at the following rates: $1 on deeds up to $500; $2 on deeds over $500 and up to $1000; from $1000 to $10,000, $3 for each $1000 on the whole amount; from $10,000 to $50,000, $4 on each $1000 of the whole amount; and when exceeding $50,000, $5 for each $1000 of the whole amount. The argument is that this constitutes unlawful discrimination against deeds for the higher amounts. We think that this progressive tax is valid. The classification is reasonable and justifiable. There is no reason for believing or holding that the burden thus imposed upon the wealthier is greater than that imposed upon the less wealthy. All who are within each class are treated alike. On the subject of taxation generally and classification in particular, see *Robertson v. Pratt*, *supra*, and cases there cited.

The objection that the adhesive stamps in use are not authorized by law because they are stamps "of the defunct Republic" and not issued in the name of the Territory, is untenable. There is nothing in the words, figures or device used, which would render the stamps invalid. The only words denoting the government or jurisdiction are "Hawaiian Islands." The words "Kingdom" or "Republic" do not appear.

For the respondent it is further contended that even though the statute is valid and in force, the giving of an unstamped deed is a sufficient compliance with the decree, and that the statute, if it requires stamps to be affixed, does not place upon the grantor the duty of affixing them. The record before us

28-D.

does not disclose the precise language of the contract to convey or of the decree; still the proceedings had, the briefs of counsel and the opinion of the court below show that in substance the contract and the decree required the respondent to give a good and sufficient deed.  The statute is silent as to whether the stamps shall be affixed by the grantor or by the grantee.  The question before us is whether the grantor has complied with this decree by tendering an unstamped deed.  Section 927, Civil Laws of 1897, reads: "No instrument requiring to be stamped shall be recorded by the Registrar of Conveyances, *or be of any validity in any court of this Republic*, unless the same shall be properly stamped.  Provided that instruments improperly stamped may be received in evidence in Courts of Record if the unpaid duty and penalty be paid to the clerk of the court, and on such payment being made the clerk of the court shall forward the instrument to the Registrar of Public Accounts to be properly stamped."  In view of the provision that an improperly stamped instrument may be received in evidence and, apparently, be considered as valid upon payment of the duty, a deed cannot be regarded as void merely because it lacks the necessary stamps.  A void deed could not thus be given force and effect.  Nevertheless it is clear that an unstamped deed must be regarded as of no validity or force to prove, in any court of this Territory, a conveyance to the grantee.  We think that a substantial compliance with the decree requires that the deed tendered be such as to be valid for this as well as for other purposes and therefore hold that the duty is upon the grantor to affix the stamps.  We understand that the practical construction of the statute ever since its enactment has been in accordance with this view.

The decree appealed from is reversed and the cause remanded to the Circuit Judge of the Fourth Circuit for such further proceedings as may be proper.

*Smith & Parsons* for complainant.

*Wise & Ross* for respondent.

I concur in the conclusion announced by the majority that Chapter 64, C. L. is not unconstitutional and void but respectfully dissent from the holding that the grantor must pay the stamp duties required.

It does seem anomalous, at first view, to find "stamp duties" collected under the law of an American Territory, when the Federal Constitution reserves to Congress the power to levy and collect such taxes. However, upon consideration, it is clear that the objection to the legality of these taxes is more to the form than substance. The revenue collected under Chapter 64, is a tax and the several objects on which it is levied are each proper subjects of taxation by the Territorial Legislature. The legislature of a Territory has the undoubted power to require the payment of a fee, or tax,—the amount of the stamp duty prescribed by the statute,—as a condition precedent, to the right of any citizen or subject to invoke the process of its courts, and likewise to demand the amount of the stamp duty for the privilege of having muniments of title placed of record by its Registrar of Conveyances and to prescribe as a penalty for failure to pay that the title papers shall not be used in its courts until such tax or duty is paid.

The fact that these taxes are denominated in the statute, "stamp duties," does not bring them within the inhibition of the provisions of the Federal Constitution so long as the objects on which the taxes are levied are proper subjects of taxation by the Territorial Legislature. The stamps required to be attached to the several documents are really only receipts for the taxes levied and evidence of the payment thereof.

The decree in the suit for specific performance directed the defendant to execute to the plaintiff "a good and sufficient deed" (*ante* p. 176). The defendant in pursuance of that decree tendered a deed presumably "good and sufficient" in form but the stamp duties prescribed by the statute had not been paid. The motion and application to the court was to require the defend-

ant to pay the "stamp duties." The motion was denied and the plaintiff appealed.

It seems to me that the ruling of the court below ought to be sustained on the ground that neither the law nor the decree require the grantor to pay the stamp duties and that if the deed tendered was "good and sufficient" in form, as we are bound to presume it was in the absence of any objection, it was a compliance with the decree and all that the plaintiff had a right to demand. The decree only required that he should execute a conveyance that would pass all of his title to the plaintiff.

It is scarcely necessary to cite authorities to sustain the proposition that a deed good and sufficient in form is as effectual to pass title from the grantor to the grantee without stamps as with them. A deed properly stamped neither conveys more nor less than the same deed would without the stamps. This being true it was not necessary for the grantor to pay the stamp duties in order to comply with the decree of the court unless it was his duty to do so by the terms of the statute.

It will be observed that the statute (Section 918 C. L.) prescribes that "there shall be due and payable to the government" * * * "the several sums for stamp duty" but is silent as to who shall pay this duty. To require the grantor to pay the stamp duty is to read into this statute words omitted by the legislature.

Section 925 sets out a penalty for failure to record a deed or other instrument within three months (from the date of its execution) and section 929 prescribes a further penalty and reads in part "no instrument requiring to be stamped shall be recorded by the registrar of conveyances, or be of any validity in any court of this Republic, unless the same shall be properly stamped."

There is nothing in any of these statutes providing that an unstamped deed is void or ineffectual to convey the grantor's title.

Section 1835 provides that the Registrar of Conveyances shall be entitled "to demand and receive" certain fees: Section 1852, prescribes that "all deeds * * * shall be recorded in the

office of the Registrar of Conveyances," etc. These statutes are likewise silent on the subject as to who shall pay the registration fees. There is the same authority, no more and no less, for the contention that the grantor shall pay the registration fee for recording this deed as there is for that he shall pay the stamp duty. The argument to sustain the one contention will with equal force uphold the other.

The statute declares that the stamp duty shall be paid also that the deed shall be recorded, but does not state who shall pay either the stamp duty or the recording fee. The stamp duty need not be paid at the time of the execution of the deed. It may be paid, without penalty, at any time within three months from that date, (Sec. 925 C. L.). This section seems to be a complete answer to the contention that the grantor should pay this duty. The penalty for failure to pay the stamp duty is a denial of registration for the deed and its use in the courts and the penalty for failure to record is that the deed shall be void as to all subsequent purchasers for value without actual notice of the deed. The grantor has no particular interest in avoiding these several penalties while the grantee has and he also has it in his power to avoid each and all of them if he desires to do so.

The deed tendered, it seems to me, being "good and sufficient" in form and properly executed, was a full compliance with the terms of the decree and the motion should have been denied and this appeal should be dismissed.